# JUVENILE COURT PROCEDURAL RULES COMMITTEE
# FINAL REPORT[1]

## Amendment of Pa.R.J.C.P. 170 and 172

On March 1, 2019, the Supreme Court amended Rule of Juvenile Court Procedure 170 to require the inclusion of additional information in a motion for expungement and Rule 172 to require the Pennsylvania State Police and the Juvenile Court Judges' Commission to be served a copy of the expungement order.

The Criminal History Record Information Act provides for the expungement of both written allegations and petitions in juvenile proceedings under certain circumstances. *See* 18 Pa.C.S. § 9123(a); *see also* Pa.R.J.C.P. 170(A). In juvenile court vernacular, crimes set forth in a written allegation are "allegations," whereas crimes set forth in a petition are "offenses." Previously, Rule 170(B)(4) concerning expungement motions only required the motion to contain allegations; it did not require the inclusion of offenses. Rule 170(B)(4) has been amended to add "or offenses."

Rule 170(B)(6) has been amended to require the inclusion of the "juvenile" to more accurately describe the offense tracking number. The commentary has also been revised to add the "juvenile" descriptor.

Within the Comment to Rule 170, the phrase, "any party may file," has been removed. The Committee recommended removing this phrase because it did not wish to imply that a non-party, such as a juvenile probation officer, is foreclosed from motioning for an expungement when, for example, a juvenile has been discharged from supervision following a consent decree or informal adjustment. Other non-substantive revisions to the Comment included the elimination of a paragraph of historical language explaining amendments in 2014.

The Pennsylvania State Police is required to maintain a statewide registry of juvenile history record information, fingerprints, and photographs. *See* 42 Pa.C.S. § 6309(b). Additionally, the Juvenile Court Judges' Commission's Information Technology Division collects, compiles, and publishes the juvenile court statistics. *See* 42 Pa.C.S. § 6373. Accordingly, information related to juvenile cases is shared with these entities. *See* 42 Pa.C.S. § 6309(c) & (d).

Rule 172 was amended to ensure that these entities maintain accurate information pertaining to juvenile records by requiring copies of expungement orders to be served

---

[1] The Committee's Final Report should not be confused with the official Committee Comments to the rules. Also note that the Supreme Court does not adopt the Committee's Comments or the contents of the Committee's explanatory Final Reports.

upon those entities in every matter. The amendment to Rule 170(B)(6) requires the JOTN, if available, to be included in the expungement motion. By operation of Rule 172(A)(1), this information is also included in the expungement order to assist the entities in performing their functions.

As a result of a public comment, a joint committee of the Juvenile Court Procedural Rules Committee and the Criminal Procedural Rules Committee was formed to consider whether the Juvenile Rules or the Criminal Rules should govern the expungement procedures for summary offenses committed by a defendant under the age of 18. For reasons more fully discussed in the Final Report being filed with the amendments of Pa.R.Crim.P. 490 and 490.1, the Comment to Rule 170 is being revised to add:

> For expungement of summary offenses heard by a magisterial district court or criminal court, see Pa.R.Crim.P. 490 and 490.1 (truancy). For eligibility for expungement, see 18 Pa.C.S. § 9123(a); 24 P.S. § 13-1333.3(h) (truancy).

The purpose of this reference is to direct readers to the Criminal Rules for procedures for the expungement of summary offenses, as well as reference the statutes establishing the eligibility for an expungement. The inclusion of "criminal court" is intended to reflect instances where more serious charges against a minor have been dismissed and the criminal court judge sits as a magisterial district court judge. The reference to the court where the record is located was believed to be more accurate than to the status of the jurist adjudicating the matter.

The amendments will become effective July 1, 2019.